IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

KEITH WILLIAM RYCHLIK,

    Plaintiff,

v.                                       Case No. 2:17-cv-04415

CITY OF DUNBAR POLICE DEPARTMENT, *et al.*,

    Defendants.

**O R D E R**

Pending before the court is the plaintiff's Letter-Form Motion to Transfer Case (ECF No. 4), in which the plaintiff requests that this civil action be transferred to the United States District Court for the Eastern District of New York because the plaintiff was planning on moving back to Long Island and because "I'm not getting no help here."

The plaintiff's motions lack merit because the United States District Court for the Eastern District of New York lacks jurisdiction over the defendants herein and that court is not a proper venue for this civil action.

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

The instant case alleges a use of excessive force against the plaintiff by law enforcement officials employed by the City of Dunbar, West Virginia. According to the

Complaint, the defendants reside in the Southern District of West Virginia, and the events giving rise to the cause of action arose in this district. Moreover, none of the defendants has contacts with the Eastern District of New York sufficient to grant personal jurisdiction over them by the federal court therein. Accordingly, the United States District Court for the Eastern District of New York is not a proper venue for this matter, as jurisdiction and venue is only appropriate in the Southern District of West Virginia. Furthermore, a transfer of venue under 28 U.S.C. § 1404(a) simply for the convenience of the plaintiff is not in the interest of justice and, at present, the defendants, who have not yet been served with process, have not consented thereto. For these reasons, it is hereby **ORDERED** that the plaintiff's Letter-Form Motion to Transfer Case (ECF No. 4) is **DENIED**.

The Clerk is directed to mail a copy of this Order to the plaintiff by certified mail, return receipt requested, at 40 E. Locust St., Central Islip, New York, 11722, which is an alternative address listed in the Complaint.[1]

ENTER:    June 5, 2018

Dwane L. Tinsley
United States Magistrate Judge

---

[1] The plaintiff has been released from the custody at the South Central Regional Jail and no longer appears to be incarcerated in the State of West Virginia. However, he failed to notify the Clerk's Office of any change in his contact information.