# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**KEITH WILLIAM RYCHLIK,**

    **Plaintiff,**

v.                                                                    Case No. 2:17-cv-04415

**CITY OF DUNBAR POLICE DEPARTMENT,**
**ADAM MASON, SCOTT ELLITT, JOHN FLING,**
**CHAD M. SHAFER, and MATT ARTHER,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On November 28, 2017, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint (ECF No. 2) against the City of Dunbar Police Department and four individuals, who are believed to be officers employed thereby. The Complaint generally alleges that on January 23, 2016, the plaintiff was attacked by two police officers who "beat me so bad I had to go to the hospital" because he told one of the officers that he was deaf in his right ear. The plaintiff further alleges that the attack occurred around 3 or 4 p.m. and that it is "all on videotape." (ECF No. 2 at 4). However, the Complaint failed to allege any specific conduct by the defendants.

Accordingly, on June 5, 2018, the undersigned entered an Order denying the plaintiff's Motion to Transfer Case (Order, ECF No. 5),[1] and notified the plaintiff by

---

[1] The plaintiff's Motion to Transfer Case (ECF No. 4) indicated that the plaintiff intended to return to New York upon his release from the South Central Regional Jail, and requested that the court transfer this matter, and other cases filed by the plaintiff in this court, to the United States District Court for the Eastern District of New York. The undersigned denied that motion on the basis that the Eastern District of New York is not a proper venue for this matter.

separate Order and Notice that his Complaint fails to state any plausible claim upon which relief can be granted. However, the plaintiff was granted leave to file an Amended Complaint and a new Application to Proceed Without Prepayment of Fees and Costs ("Application") by June 26, 2018. (ECF No. 6).

When the undersigned's Orders were filed, the plaintiff no longer appeared on the South Central Regional Jail's website and he had not advised the court of his release from custody. Nonetheless, the undersigned's Orders were mailed by certified mail, return receipt requested, to the plaintiff at an address in Central Islip, New York that he had provided as an alternative address in his Complaint. On June 21, 2018, the certified mail package sent to the plaintiff at the Central Islip address was returned as undeliverable. (ECF No. 7). Thus, the plaintiff's whereabouts are unknown.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that

failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

The plaintiff failed to file an Amended Complaint and new Application as ordered by the court and he did not provide the court with his updated contact information. Thus, this court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff; and dismissal appears to be the only appropriate sanction. However, because the defendants were never served with process, a dismissal without prejudice may be less drastic.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last provided address.

July 20, 2018

Dwane L. Tinsley
United States Magistrate Judge